courts have in some instances attached such a meaning to the term "satisfactory evidence." We have not, however, followed these holdings in remission cases. In *Linen Thread Co.* v. *United States*, 13 Ct. Cust. Appls. 301, T. D. 41220, we thus defined "satisfactory evidence":

> Proof of the circumstances and conditions, and a full and candid explanation thereof is required. Anything less than that is not sufficient.

To the same effect are *Hauptman* v. *United States*, 13 Ct. Cust. Appls. 295, T. D. 41218; and *Finsilver, Still & Moss* v. *United States, supra* [13 Ct. Cust. Appls. 332, T. D. 41250]. [Italics quoted.]

The great difficulty which confronts the courts in formulating a test for "satisfactory evidence" grows out of the fact that a party seeking remission of duties is confronted by the necessity of proving negatives and it is frequently extremely difficult satisfactorily to establish a negative, particularly a negative as to personal intent, because the actual intention of an individual is known only to himself and God.

When the here involved statute is dissected it is found that the person seeking remission must prove that the act of undervaluation was without any intent (a) to defraud the revenue of the United States; (b) to conceal or misrepresent the facts of the case; (c) to deceive the appraiser as to the value of the merchandise. Each of these three elements must be established by "satisfactory evidence."

In *United States* v. *Kenneth Kittleson et al.*, 43 C. C. P. A. (Customs) 31, C. A. D. 605, the appellate court summarized the above as follows:

In *United States* v. *W. J. Westerfield*, 40 C. C. P. A. (Customs) 115, C. A. D. 507, we recently held, after citing an extensive and uniform list of reliable authorities, that "satisfactory evidence" consists of proof of the surrounding circumstances and conditions, together with a full and candid explanation of an importer's conduct at the time of entry, as well as before and subsequent thereto, showing that his action in making the entry at the lower rate and his failure to amend the same was in good faith; and that satisfactory evidence relative to such good faith means the amount of proof which would ordinarily satisfy an unprejudiced mind.

In the case before us, the evidence shows that the prices of these willow baskets were increased after the order was placed, but that, as to the entry here involved, information as to such rise in prices was not forwarded to the import manager, through whose office clearance and entry of merchandise of this importer throughout the entire United States are made. When such information was received, petitioner's customs broker was instructed to amend this entry, but amendment was not permitted by the customs authorities. There seems to have been considerable confusion in connection with the changed prices, but, so far as this record shows, petitioner made an effort to amend the entry. Appraisement of similar merchandise imported by petitioner at other ports throughout the country was withheld at petitioner's request and the entries amended, but, as to this particular entry, the broker was not permitted to amend.

Upon the record, we find and so hold that the entry of the willow baskets here involved at values lower than those found on final appraisement was without intent to defraud the revenue or deceive the appraiser. The petition is, therefore, granted.

**No. 60002.**—Norman G. Jensen, Inc., et al. *v.* United States, protests 171170–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 60003.**—F. C. Mackay *v.* United States, protests 171358–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 60004.**—F. C. Mackay *v.* United States, protests 174486–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 60005.**—Trefflichs Bird & Animal Co. *v.* United States, protest 260448–K (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of live birds (Senegal finches) similar in all material respects to those the subject of *Alfred Mazer* v. *United States* (25 Cust. Ct. 67, C. D. 1265), the claim of the plaintiff was sustained.

**No. 60006.**—Air Clearance Ass'n, Inc. *v.* United States, protest 242991–K (New York).

Opinion by DONLON, J. The protest was dismissed.

BEFORE THE FIRST DIVISION, JUNE 7, 1956

**No. 60007.**—F. W. Myers & Co., Inc. *v.* United States, protests 28782–K, etc. (Detroit).